**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **ASHLEY FORD** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CAUSE NO. 2:24-cv-00023** |
| | § | |
| | § | |
| **DOLGENCORP OF TEXAS, INC. and** | § | **JURY DEMANDED** |
| **DG DISTRIBUTION OF TEXAS, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff ASHLEY FORD ("Plaintiff") files this Complaint and would respectfully show

the Court as follows:

**PARTIES**

1. Plaintiff Ashley Ford is an individual who currently resides in Gregg County,

Texas.

2. Defendant, DG Distribution of Texas, LLC ("Defendant" or "DG") is a foreign

limited liability company that is and continuously has been doing business in the State of Texas.

Defendant may be served by delivering a copy of this Complaint to its Registered Agent for

Service, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211

7th Street, Ste. 620, Austin, Texas 78701-3218.

3. Defendant, Dolgencorp of Texas, Inc. ("Defendant" or "Dolgen") is a foreign

company that is and continuously has been doing business in the State of Texas. Defendant may

be served by delivering a copy of this Complaint to its Registered Agent for Service, Corporation

---

**PLAINTIFF'S ORIGINAL COMPLAINT - PAGE 1**

Service Company dba CSC – Lawyers Incorporating Service Company, 211 7th Street, Ste. 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

4.      This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.  Venue exists in this district and division as detailed in 28 U.S.C. §1391.

5.      All of the acts alleged herein occurred in the Eastern District of Texas.

6.      Venue is proper in the U.S. District Court for the Eastern District of Texas, Marshall Division pursuant to 42 U.S.C. 1391(b) because the unlawful practices alleged below were committed therein.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

7.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission – Civil Rights Division (EEOC/TWC-CRD).  Plaintiff has filed this suit within sixty (90) days of receiving a Notice of Right to Sue from the EEOC, a true and correct copy of which is attached hereto as Exhibit A.

## CONDITIONS PRECEDENT

8.      All conditions precedent has been performed or have occurred.

## FACTS

9.      Plaintiff Ford was employed by Defendants as a picker at the Dollar General Distribution Center at 3300 East George Richey Road, Longview, TX 75605 starting on May 18, 2022. Around March 10, 2023, Ford found out that she was pregnant.  Because of her pregnancy, Ford's doctor gave her a note that stated that she was not allowed to lift over 25 lbs.

10.      Ford presented the note to Human Resources at the DG Distribution Center where she was employed on March 17, 2023. After reviewing her restrictions, Defendants sent Ford home

after being clocked in for maybe an hour. The HR representative did ask Ford how long the restrictions in the note from the doctor were supposed to last and she told them this would be for the remainder of her pregnancy.

11.    At this point, Defendants' HR representative gave Ford 2 options: 1) make a personal leave claim and take an unpaid leave of absence or 2) resign and be "rehired later".  Ford was aware that other non-pregnant workers have been afforded light duty, including workers who have suffered workers compensation injuries.  Ford was not offered light duty on account of her pregnancy-related lifting restriction.

12.    Since March 18, 2023 the HR team at Dollar General called Ford asking "what her plan was" and whether she was "going to put in a leave or resign" on an almost weekly basis. Ford contacted the Defendants' corporate in Tennessee about the issue and was told they would get back to her in 2 days; however, Ford never received any additional communication from Defendants regarding any accommodation for her pregnancy-related restrictions nor did Defendants offer Ford any light duty work.

13.    Plaintiff sues DG and Dolgen as joint employers.

### COUNT ONE – PREGNANCY DISCRIMINATION (Pregnant Workers Fairness Act (PWFA)/Title VII/ Pregnancy Discrimination Act of 1978 (PDA))

14.    Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

15.    Defendants are employers within the meaning of Title VII, the PWFA and the PDA.

16.    Plaintiff is an employee within the meaning of Title VII, the PWFA and the PDA and belongs to a class protected under the statutes, namely she is/was a female and was pregnant.

17.    Defendants intentionally discriminated against Plaintiff by terminating her employment because of or on the basis of pregnancy.

18.    Defendants intentionally failed to accommodate Plaintiff's pregnancy-related restrictions.

19.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, actual damages in the form of lost wages and benefits and also non-monetary damages. Defendant's conduct was willful and justifies an award of punitive damages.

20.    To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.  Alternatively, the reason(s) given for Plaintiff's termination, while true, are only some of the reasons, and Plaintiff's gender and pregnancy were motivating factors in the decision to terminate her employment.  In other words, Defendant had mixed motives for Plaintiff's termination.

**COUNT TWO – PREGNANCY DISCRIMINATION (Texas Labor Code Sec. 21.106)**

21.    Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

22.    Defendants are employers within the meaning of Chapter 21 of the Texas Labor Code.

23.    Plaintiff is an employee within the meaning of Chapter 21 of the Texas Labor Code and belongs to a class protected under the statute, namely she is/was pregnant.  *See* Texas Labor Code §21.106.

24.    Defendants intentionally discriminated against Plaintiff by terminating her employment because of or on the basis of pregnancy.

25.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages actual damages in the form of lost wages and benefits and also non-monetary damages. Defendants' conduct was willful and justifies an award of punitive damages.

26.     To the extent that Defendants contend that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.  Alternatively, the reason(s) given for Plaintiff's termination, while true, are only some of the reasons, and Plaintiff's gender and pregnancy were motivating factors in the decision to terminate her employment.  In other words, Defendants had mixed motives for Plaintiff's termination.

## DAMAGES

27.     Plaintiff was discharged from employment by Defendants.  Although she has diligently sought other employment, she has been unable to find a job at comparable pay.  In addition, Plaintiff has incurred expenses in seeking other employment.  Plaintiff suffered damage to her pension or retirement benefits.  Plaintiff seeks compensation for all back pay and lost wages and benefits, including loss of Social Security benefits.  Reinstatement to Plaintiff's previous position is impractical and unworkable.  Therefore, Plaintiff seeks an award of front pay and future lost wages and benefits.  Plaintiff suffered mental anguish and emotional distress which entitles her to recover compensatory damages in the past and in the future. Plaintiff also seeks recovery of punitive damages as a result of the intentional and malicious conduct on the part of Defendants.

## ATTORNEY'S FEES

28.     Plaintiff was forced to engage counsel to protect her rights.  Plaintiff is entitled to an award of attorney's fees and costs (including, but not limited to, an award of reasonable expert witness fees), both trial and appellate, under Title VII, 42 U.S.C. §2000e-5(k).

## INTEREST

29.     Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## JURY TRIAL DEMAND

30.     Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants for the following:

a.   Compensatory damages;

b.   Back pay and front pay;

c.   Punitive damages;

d.   Attorney's fees and costs;

e.   Prejudgment and post-judgment interest;

f.   Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,


/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF